**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Gregory R. Nyhus
Assistant United States Attorney
Greg.r.nyhus@usdoj.gov
(503) 727-1015
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 17, 2026

Whitney Boise and Conor Huseby
121 SW Morrison St., Suite 700
Portland, OR 97204

Re: *United States v. Jason David Campos*
Case No. 3:25-cr-00131-IM

Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority except as noted herein. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to enter a plea of guilty to Counts 1 and 3 of the Indictment.

A. Count 1 (Stalking, 18 U.S.C. § 2261A(2)(B))

Count 1 alleges that from at least May 17, 2020, and continuing to February 11, 2023, in the District of Oregon and elsewhere, defendant, with the intent to harass or intimidate another person in the District of Oregon, to wit: Adult Victim 1 (AV1), a former intimate partner of defendant, used facilities of interstate or foreign commerce, including electronic mail and internet websites, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to AV1.

B. Count 3 (Aggravated Identity Theft, 18 U.S.C. § 1028A(l))

Count 3 alleges that on or about between July 16, 2021, and continuing to at least July 14, 2022, in the District of Oregon, defendant did knowingly possess and use, without lawful authority, a means of identification of another person, the maiden name of AV1, an actual person, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit Wire Fraud, a violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person.

---

3. **Penalties**:

A. Count 1 (Stalking, 18 U.S.C. § 2261A(2)(B))

The maximum sentence for a violation of 18 U.S.C. § 2261A(2)(B) is 5 years' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment.

B. Count 3 (Aggravated Identity Theft, 18 U.S.C. § 1028A(l))

A violation of 18 U.S.C. § 1028A(l) is punishable by 24 months' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment. No term of imprisonment imposed under this section shall run concurrently with any other term of imprisonment imposed on the person under any other provision of law, including any term of imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used.

Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.

5. **Dismissal/No Prosecution**: The USAO agrees to dismiss Count 2 of the Indictment. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6. **Elements and Factual Basis**:

A. Count 1 (Stalking, 18 U.S.C. § 2261A(2)(B))

In order for defendant to be found guilty of Count 1 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

1. Defendant intended to harass, intimidate, or place under surveillance with intent to harass and intimidate another person;

2. Defendant used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce;

3. Defendant engaged in a course of conduct that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person, an immediate family member, or a spouse or intimate partner.

B. Count 3 (Aggravated Identity Theft, 18 U.S.C. § 1028A(l))

In order for defendant to be found guilty of Count 3 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

1. Defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person;

2. Defendant knew that the means of identification belonged to a real person; and

3. Defendant did so during and in relation to a specific felony violation, specifically wire fraud, as alleged in the Indictment.

4. A means of identification is transferred, possessed, or used "during and in relation to" a crime when the means of identification is transferred, possessed, or used in a manner that is fraudulent or deceptive and is at the crux of what makes the conduct criminal.

C. Factual Basis

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

> The defendant, a California resident, was in an intimate relationship with "Adult Victim 1" (AV1) beginning before 2004. During their relationship, the defendant took nude photographs of AV1 with her consent, storing them on his computer. In 2007, he told AV1 the laptop containing the photos had been stolen. The relationship ended in 2008.
>
> By early 2009, AV1 discovered that her nude images had been posted online to social media, advertising sites, and sexual forums, without her consent. Over the years, the defendant repeatedly used various internet accounts, often under AV1's maiden name, to post these images to pornographic forums—particularly a site referenced in the Indictment as Website 1 —and to encourage others to harass her.
>
> During April 2012, the defendant created an account on Website 1 using AV1's first and maiden names. In May 2013, he posted AV1's nude photos under sexually explicit titles, sometimes including purported contact information for her boyfriend at the time and inviting viewers to ejaculate on the images and send images of the results to a specific email address.

In 2016, defendant was arrested on California state charges of burglary and assault with intent to commit rape. He was convicted and sentenced to four years in prison, and was released on parole in December 2019. In May 2020, while still on parole and under supervision by the State of California, the defendant resumed his activity targeting AV1. He posted more of her intimate photos on Website 1, along with text posts calling AV1 derogatory names, publishing an email address that she had previously used (the "Hotmail account"), and encouraging others to send messages to the Hotmail account and frighten her. In fact, defendant had taken over control of the Hotmail account without AV1's permission the previous year and had locked her out of the account. At the time he posted AV1's email address, the Hotmail account was under defendant's control. He continued posting throughout 2020. A friend of AV1 reported viewing one such post that referenced the city and street where AV1 lived.

Beginning on or about July 16, 2021, and continuing to at least July 14, 2022, defendant knowingly devised a scheme or plan to defraud for the purpose of obtaining AV1's legal file from her divorce attorney. It was part of the scheme to defraud to impersonate AV1 to obtain her confidential attorney-client materials. AV1 had hired an attorney and paid for legal services, resulting in the creation of an attorney-client file containing privileged notes and documents. Defendant created email accounts he believed would be difficult for U.S. authorities to access, including one using AV1's maiden name to make it appear legitimate.

In 2021, defendant created a Proton Mail account that displayed AV1's maiden name. In August 2021, posing as AV1, the defendant emailed her attorney to request her legal file. Believing the request to be legitimate, the attorney uploaded the confidential file to Dropbox, which the defendant accessed and downloaded. Later that year, defendant sent nude photos of AV1 to the attorney via email.

By doing so, defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person, AV1's name, which he knew belonged to a real person. Defendant did so during and in relation to a fraudulent attempt to gain access to AV1's divorce file, then in the custody of the recipient, which is a specific felony violation as alleged in the Indictment. Defendant's use of AV1's name was fraudulent and deceptive and was at the crux of what made the conduct criminal.

In 2022, the defendant sent emails to an email account belonging to AV1, asking to confirm that the account belonged to her and referring to a minor family member whose name he obtained from her divorce file. He also set up a Kik Messenger account under her maiden name. In February 2023, the defendant used Kik Messenger to send AV1's nude images to strangers, encouraging them to masturbate on the photographs and directing them to contact the Hotmail account, which was controlled by defendant but had previously belonged to AV1.

---

> Throughout this period—from 2020 to 2023—and while using an interactive computer electronic communication service or electronic communication system of interstate commerce, and other facilities of interstate or foreign commerce, defendant engaged in an ongoing campaign of harassment, intended to intimidate, or place under surveillance with intent to harass or intimidate, AV1. Defendant knew that he was engaging in a course of conduct that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to AV1.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Relevant Conduct and Guidelines Calculation**: The parties agree to the following guidelines calculation:

A. Count 1 – Stalking is governed by U.S.S.G.§ 2A6.2. The base offense level is 18. Because the offense involved a pattern of conduct, the base offense level is increased by two levels. The resulting offense level is 20.

B. The parties agree that a one-level downward variance is appropriate under 18 U.S.C. § 3553(a).

C. Count 3 – Aggravated Identity Theft is governed by U.S.S.G.§ 2B1.6. Chapters 3 and 4 do not apply; therefore the offense does not group and the mandatory 24-month consecutive term is added to the final advisory guidelines range, below.

D. As set forth below, defendant is entitled to a reduction for his timely acceptance of responsibility, resulting in a three-level reduction in the offense level.

E. The total offense level for Count 1 is 17.

F. The government currently estimates, but does not stipulate, that the defendant has 3 criminal history points, placing him in criminal history category II.

G. A total offense level of 17 in criminal history category II yields an advisory guideline range of 27-33 months for Count 1, to which 24 months are added for Count 3, for a total sentence of 51-57 months.

---

H. The parties agree to jointly recommend a sentence of 48 months, so long as this agreement is accepted and defendant complies with the terms and conditions set forth within the agreement.

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, fails to timely complete a Financial Disclosure Statement as outlined in this agreement, if applicable, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10. **Joint Sentencing Recommendation**: The parties agree to jointly recommend a sentence of 48 months' imprisonment.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's convictions or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.
If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise

a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Restitution**: The Court shall order restitution to Adult Victim 1 in the full amount of her losses as determined by the Court, which defendant agrees will be no less than $10,000. Defendant further agrees to pay restitution to Adult Victim 1's attorney in the full amount of the market value of his and his staff's services in transmitting Adult Victim 1's fraudulently requested legal file to defendant, irrespective of the dismissal of Count 2.

**Disclosure of Assets**

Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consent, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the USAO, on the issue of defendant's financial disclosures and assets.

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court

---

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

**Advance Payment on Judgment**

Defendant agrees to deliver a certified check or money order to the USAO in the amount of $10,000, payable to the "Clerk, U.S. District Court," on or before the date of sentencing, to be deposited into the court registry until the date of sentencing and, thereafter, to be applied to satisfy the financial obligations of defendant, pursuant to the judgment of the Court.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

///

---

17. **Deadline**: This plea offer expires on September 23, 2026, at close of business if not otherwise accepted by scheduling a change of plea.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

GREGORY R. NYHUS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/13/26
Date

JASON DAVID CAMPOS
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/13/26
Date

WHITNEY BOISE or CONOR HUSEBY
Attorney for Defendant